**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

CHERYL CLAYBROOKS,

    Plaintiff,

    v.                                          Case No. 10-C-404

WILLIAM L. GERARD,[1]

    Defendant.

## ORDER ON PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND MOTION FOR APPOINTMENT OF COUNSEL

On May 11, 2010, the plaintiff, Cheryl Claybrooks, filed a complaint alleging that the defendant, William L. Gerard, discriminated against her apparently on the basis of her race in violation of Title IV of the Civil Rights Act of 1964, 42 U.S.C. §2002 et. seq. as amended. On the same day, the plaintiff filed a petition to proceed without prepayment of fees or costs (an in forma pauperis petition). Subsequently, on May 27, 2010, the plaintiff requested the appointment of counsel.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

---

[1] In her petition to proceed without payment of fees or costs, the listed Villard Primary & Speciality Care as the defendant.

The court has reviewed the plaintiff's affidavit of indigence and is satisfied that she is unable to pay the costs of commencing this action. 28 U.S.C. § 1915(a). The plaintiff must next demonstrate that her action has merit as required by 28 U.S.C. § 1915(e)(2). An action is frivolous for purposes of Section 1915(d) if there is no arguable basis for relief either in law or fact. Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The plaintiff's complaint alleges a claim of discrimination under Title VII. To maintain a Title VII claim of race discrimination, the plaintiff bears the initial burden of establishing, by a preponderance of the evidence, a prima facie case of discrimination. Samuelson v. Durkee/French/Airwick, 976 F.2d 1111, 1113 (7th Cir. 1992) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 [1973]). A plaintiff can establish a prima facie case of discrimination by showing that: 1) she was a member of a protected class; 2) she was satisfactorily performing the duties of her position; 3) she was discharged; and 4) others not in the protected class were treated more favorably. Samuelson, 976 F.2d at 1113.

Once a plaintiff meets that burden, the burden shifts to the defendant "to articulate a legitimate, nondiscriminatory reason for its action." Id. at 1114 (citation omitted). Finally, if the defendant meets his burden, the presumption of discrimination is dissolved and the burden shifts back to the plaintiff to prove the defendant's actions were a pretext for discrimination. Id. Although this analysis outlines a shifting burden of production on the parties, the ultimate burden rests with the employee to prove that the employer intentionally discriminated against the employee. Id.

Before a person may commence a Title VII action in federal court, however, she must first file a timely charge with the Equal Employment Opportunity Commission (EEOC) and

receive a right to sue letter. 42 U.S.C. §§ 2000e-5(b), (e), and (f). Rush v. McDonald's Corporation, 966 F.2d 1104, 1110 (7th Cir. 1992). The plaintiff filed a Dismissal and Notice of Rights form dated February 16, 2010, which she received from the EEOC. It appears that she has filed a timely charge raising claims of discrimination.

Construed liberally, the plaintiff's complaint of discrimination has arguable merit in law and in fact. Accordingly, the plaintiff's request to proceed in forma pauperis will be granted.

## Motion for Appointment of Counsel

The plaintiff has also requested that the court appoint an attorney to represent her. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(d). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(d) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(d) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion ordinarily must be denied outright. Id. Once this initial requirement is met, the court, in exercising its discretion with regard to

plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993), vacated on other grounds, 511 U.S. 825 (1994).

In this case, the plaintiff has not provided any indication that she has unsuccessfully attempted to obtain legal counsel on her own. Reviewing the plaintiff's complaint, the court notes that it is detailed and that the plaintiff has made other submissions in this case. Moreover, the issues in the complaint appear at this stage to be straightforward and uncomplicated. Considering the nature of plaintiff's claims in these action, together with the applicable case law, this court concludes that, at this stage of the proceedings, the plaintiff appears competent to represent herself and that the presence of counsel is not likely to make a difference in the outcome of the case. Therefore, the plaintiff's request for appointment of counsel will be denied without prejudice. Accordingly, the plaintiff's request for appointment of counsel is denied without prejudice.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** the plaintiff's petition to proceed in forma pauperis be and hereby is **granted**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(2), the United States Marshal shall **serve** a copy of the complaint and this order on the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8.00 per item. The

- 4 -

full fee schedule is provided at 28 C.F.R. § 0.114(a)(2) & (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The plaintiff is hereby notified that, from now on, she is required to send a copy of every paper or document she files with the court to the opposing party or to his attorney. She should also retain a copy of each document for her own files. If she does not have access to a photocopy machine, she may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to his attorney.

In addition, the parties should notify the clerk of court of any change of address. Failure to do so could result in an order or other information not being delivered in a timely manner, thus affecting the legal rights of the parties.

**IT IS ALSO ORDERED** that the plaintiff's request for appointment of counsel be and hereby is **denied** without prejudice.

Dated at Milwaukee, Wisconsin this 9th day of June, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge